UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAQUEL DIBENEDETTO,<br><br>                              Plaintiff,<br><br>            -against-<br><br>BANCO SANTANDER, S.A. and SANTANDER BANK,<br>N.A.,<br><br>                              Defendants. | Civil Action No.:<br><br><br>**COMPLAINT AND JURY<br>DEMAND** |

That Plaintiff, RAQUEL DIBENEDETTO, complaining of the Defendant through her attorneys Borrell & Riso, LLP, respectfully sets forth and alleges:

AS AND FOR A FIRST, SEPARATE AND DISTINCT
CAUSE OF ACTION AS AND AGAINST THE DEFENDANT
ON BEHALF OF THE PLAINTIFF, RAQUEL DIBENEDETTO

**FIRST:**

Plaintiff, RAQUEL DIBENEDETTO, at the time of the institution of this action, was and still is a citizen of the County of Richmond, City and State of New York.

**SECOND:**

That upon information and belief, at all times hereinafter mentioned, the Defendant, BANCO SANTANDER, S.A., was and still is a foreign banking institution with corporate headquarters located at 824 North Market Street, Suite 100, Wilmington, DE 19801.

**THIRD:**

That upon information and belief at all times hereinafter mentioned, SANTANDER BANK, N.A. is a domestic banking institution with its principal headquarters located at 75 State Street, Bostin, Massachusetts 02109.

**FOURTH:**

That the jurisdiction properly lies in the Federal District Court by virtue of the diversity of the citizenship of the Plaintiff and the Defendant set forth in Title 28 U.S.C., Section 1332 and the

nature of this action being over the amount in question, exceeding the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS exclusive of interest and costs.

**FIFTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, BANCO SANTANDER, S.A. owned the premises, including parking lot, located at 1320 Hylan Boulevard, Staten Island, New York.

**SIXTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, SANTANDER BANK, N.A. owned the premises, including parking lot, located at 1320 Hylan Boulevard, Staten Island, New York.

**SEVENTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, BANCO SANTANDER, S.A., operated, managed and controlled the premises, including Santander Bank and parking lot, located at 1320 Hylan Boulevard, Staten Island, New York.

**EIGHTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, SANTANDER BANK, N.A., operated, managed and controlled the premises, including Santander Bank and parking lot, located at 1320 Hylan Boulevard, Staten Island, New York.

**NINTH**:

That at all times hereinafter mentioned, said premises and parking lot was open to the public as a bank.

**TENTH**:

That at all times hereinafter mentioned, Plaintiff, RAQUEL DIBENEDETTO was lawfully on the properly inside the parking lot at the above Santander Bank as a patron at the time of the accident complained of herein.

**ELEVENTH**:

That all times hereinafter mentioned, on August 2, 2021 at approximately 9:30 a.m., the Plaintiff was lawfully and properly walking inside Defendant's parking lot located at 1320 Hylan Boulevard, Staten Island, New York when Plaintiff's clothes caught on a bottom spike/tie on Defendant's parking lot fence, which caused Plaintiff to fall and sustain serious and permanent injuries.

**TWELFTH**:

That the above stated occurrence and the result thereof, were caused by the negligence of said Defendant in the operation, management and control of the said fence and bottom post/rail and spike/tie in the premises parking lot; in having caused the fence and bottom post/rail and spike/tie at the premises to become and remain, for a long time after notice, actual or constructive, in a broken, unsecured bent/protruding unsafe, dangerous, defective condition, such as to have been a danger to persons thereat inside the premises parking lot; in leaving a broken, unsecured, bent/protruding, unlawful, unsafe, dangerous, protruding, bottom spike/tie and bottom fence post/rail inside the premises parking lot; in having maintained said fence inside the premises parking lot in a manner and condition such that the area was unsafe, bent/protruding, unsecured, and a tripping hazard/trap; in having failed to repair and replace the fence and bottom post/rail and spike/tie inside the premises parking lot in a manner and condition such as was misleading and dangerous to persons near the same; in having failed to have exercised due and proper supervision; in having permitted the aforesaid fence and bottom post/rail and spike/tie inside the premises parking lot to become and remain dangerous to people thereon; in having given to said Plaintiff a false assurance of safety; in having caused and allowed the above mentioned impediment; in having permitted the existence of a broken, unsecured, unsafe, protruding/bent fence and bottom post/rail and spike/tie which was a nuisance, menace and danger to persons inside the premises parking lot; in having failed to have given to said Plaintiff adequate and timely signal, notice or warning of the

said condition which was misleading and dangerous, thereby creating an unreasonable risk of harm or injury; in failing to post signs or give any warning of the dangers then and there existing and failing to rope off and secure area to prevent Plaintiff and others from passing through area and in failing to inspect or promulgate adequate procedures to inspect or to check that inspection procedures are being followed so remedial action can be followed up in a timely fashion.

**THIRTEENTH**:

That upon information and belief, at all times hereinafter mentioned, the Defendant, its agents, servants and/or employees knew or should have known of said defective condition existing in the aforesaid premises parking lot.

**FOURTEENTH**:

That there is imposed by law upon said Defendant the duty of maintaining said premises and parking lot in a safe and proper condition so that it will not be dangerous to those lawfully using them.

**FIFTEENTH**:

That on or about and prior to August 2, 2021, the Defendant, its agents, servants and/or employees, disregarding its duties aforesaid negligently created the aforesaid defective/dangerous bottom spike/tie on the parking lot fence as described above to become and remain in an unsafe and dangerous condition and maintained the same improperly and dangerously, all of which Defendant had due notice.

**SIXTEENTH**:

That by reason of the foregoing, as aforesaid, the Plaintiff, RAQUEL DIBENEDETTO, was rendered disabled due to the injuries, which upon information and belief, are of a permanent character, and that by reason thereof, the Plaintiff, RAQUEL DIBENEDETTO, has been prevented from following her usual duties and she is informed and verily believes, that in the future she will be prevented from following his usual duties all to the Plaintiff's damages.

**SEVENTEENTH**:

The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, RAQUEL DIBENEDETTO, demands judgment against the Defendant on the First Cause of Action for damages, costs of suit and reasonable attorney fees.

Dated:      Staten Island, New York
            December 14, 2021

Yours, etc.,

BORRELL & RISO, LLP
Attorneys for Plaintiff
1500 Hylan Boulevard
Staten Island, NY  10305
(718) 667-8600

By:      _____
         Jeffrey F. G. Borrell, Esq. (8669)

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAQUEL DIBENEDETTO,

Plaintiff,

-against-

BANCO SANTANDER, S.A., d/b/a SANTANDER BANK, N.A.

Defendants.

## SUMMONS AND COMPLAINT

*The Law Firm of*
## Borrell & Riso, L.L.P.
Attorneys and Counselors at Law
*Attorney(s) for*

*Office and Post Office Address, Telephone*

1500 Hylan Boulevard
Staten Island, New York 10305
(718) 667-8600

**To**

Attorney(s) for

**Signature (Rule 130-1.1-a)**

Print name beneath

Service of a copy of the within is hereby admitted.

**Dated:**

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                      of which the within is a true copy
will be presented for settlement to the HON.          one of the judges of the
within named Court, at
on                                    at                    M.

Dated,

Yours, etc.